| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Wilbur Koshawn Holmes** | | |
| | First Name    Middle Name | Last Name | |
| Debtor 2 | **Lenora Patrice Holmes** | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | | |
| Case number: (If known) | $18-03340-jw$ | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

## District of South Carolina
## Chapter 13 Plan

12/17

---

Part 1: **Notices**

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

---

Part 2: **Plan Payments and Length of Plan**

**2.1**    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$810.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Wilbur Koshawn Holmes** | Case number | |
|--------|---------------------------|-------------|--|
|        | **Lenora Patrice Holmes**  | | |

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☐ The debtor will make payments pursuant to a payroll deduction order.
☑ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

☑ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

---

**Part 3:    Treatment of Secured Claims**

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.    Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☐ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

☑ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|------------------|-----------|-------------------------------|--------------------------------------------|------------------------------|
| **Woodlands at Wescott Homeowners Assoc** | **5130 Thornton Drive Summerville, SC 29485  Dorchester County TMS# 162-06-05-042-000 (Res January 2019)** | **$8,278.30** <br> Includes amounts accrued through the June 2018 payment. | **0.00%** | **$146.00** <br> (or more) |

*Insert additional claims as needed.*

District of South Carolina

Debtor   **Wilbur Koshawn Holmes**           Case number
         **Lenora Patrice Holmes**

☐   **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☑   **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____**Caliber Home Loans, Inc.**_____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

   *Insert additional claims as needed*

☐   **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

   *Insert additional claims as needed*

**3.2**   **Request for valuation of security and modification of undersecured claims.** *Check one.*

☐   **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
   ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑           The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

           The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

           Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Badcock Home Furniture & More | $2,903.48 | Living Room Furniture | $5.00 | $0.00 | $5.00 | 6.00% | $6.00 |
| | | | | | | | (or more) |

District of South Carolina

| Debtor | **Wilbur Koshawn Holmes** | | | | Case number | | | |
| | **Lenora Patrice Holmes** | | | | | | | |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| **Badcock Home Furniture & More** | $1,894.12 | **Washer and Dryer** | $225.00 | $0.00 | $225.00 | 6.00% | $5.00 (or more) |
| **Enerbank Usa** | $6,302.64 | **HVAC** | $5,000.00 | $0.00 | $5,000.00 | 6.00% | $102.00 (or more) |
| **Santander Consumer USA** | $11,573.03 | **2010 Toyota Camry 158,925 miles VIN: 4T1BF3EK 1AU521348** | $6,325.00 | $0.00 | $6,325.00 | 6.00% | $128.00 (or more) |

*Insert additional claims as needed.*

**3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐  **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☑  The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **Aarons Salo Lockbox** | **Living Room Furniture** | $2,746.08 | 6.00% | $56.00 |

District of South Carolina

Effective December 1, 2017

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

| Debtor | **Wilbur Koshawn Holmes** | Case number |
| | **Lenora Patrice Holmes** | |

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| | | | | (or more) |

Disbursed by:
☑ Trustee
☐ Debtor

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☐    **None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.**
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

☑    The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Credit Central | | | $500.00/ SC Code Section 15-41-30(A)(3) | | | |
| Household Items | $875.99 | $0.00 | | $500.00 | $0.00 | $875.99 |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*
☑    **None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.**

| Debtor | **Wilbur Koshawn Holmes** | Case number | |
|---|---|---|---|
| | **Lenora Patrice Holmes** | | |

**Part 4:**    **Treatment of Fees and Priority Claims**

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐    The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

Debtor    **Wilbur Koshawn Holmes**                                    Case number
          **Lenora Patrice Holmes**

---

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑    The debtor estimates payments of less than 100% of claims.
☐    The debtor proposes payment of 100% of claims.
☐    The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑    **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| **WhyNotLeaseIt** | **Bedroom Furniture** | **$20.00** | **$0.00** | **$0.00** |
| | | | | (or more) |

Insert additional claims as needed.

| Part 7: | **Vesting of Property of the Estate** |

**7.1**    **Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☑    Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐    **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

Debtor      **Wilbur Koshawn Holmes**                                          Case number
            **Lenora Patrice Holmes**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1      Check "None" or List Nonstandard Plan Provisions**

☐      **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

8.1(a) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim.  The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

8.1(b)The debtor reserves the right to seek loss mitigation or modification of the mortgage loan using the Loss Mitigation/Mortgage Modification Portal procedures described in Chambers Guidelines during the bankruptcy case, which may be effective upon subsequent approval by order of the Court.

8.1(c) Confirmation of this plan may determine the character (secured, unsecured, or priority), amount, and timing of distribution of a creditor's claim regardless of the proof of claim filed.  If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

8.1(d) The Debtors' plan relies upon loss mitigation or a consensual mortgage loan modification (LM/MM) of the mortgage loan secured by the following property:

**908 Laurel Oak Lane, Moncks Corner, SC 29461**
**TMS #181-09-01-058**

If LM/MM is approved, the Debtor(s) shall directly pay Caliber Home Loan, Inc.'s allowed mortgage claim, including any prepetition and post petition amounts. No payment will be made by the Trustee on this secured claim.

In the event that (1) the LM/MM request (and any necessary documentation) is not submitted or is denied or (2) the Debtor(s) fail to timely make any required Trial Plan Payments, the Mortgage Creditor may, after 14 days' written notice to the Debtor(s), Debtor(s)' Counsel, and the Trustee, submit an affidavit and prosed order seeking relief from the stay.  However, the Mortgage Creditor may not obtain relief until its final consideration of LM/MM is concluded and reported to the Debtor(s) and Debtor(s)' Counsel.

8.1(e) DEBTOR CERTIFICATION

In connection with this plan, the debtor hereby states that he/she/they carefully reviewed this plan and understand the following:

(1)  The obligations set forth in this plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2)  The consequences of any default under this plan including any direct payments to creditors required by the terms of this plan; and

(3)  That debtor may not agree to sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the prior authorization of the Bankruptcy Court.

Debtor    **Wilbur Koshawn Holmes**
          **Lenora Patrice Holmes**                              Case number

---

**Part 9:  Signatures:**

**9.1    Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X _____          X _____
**Wilbur Koshawn Holmes**                  **Lenora Patrice Holmes**
Signature of Debtor 1                     Signature of Debtor 2

Executed on _06/29/18_                    Executed on _06/29/18_

X _____          Date  _6/29/18_
**Robert R. Meredith, Jr. 6152**
**Elizabeth R. Heilig 10704**
Meredith Law Firm, LLC
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000 (p)
843-529-9907 (f)

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

## UNITED STATE BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:                 )

                      )     **CASE NO: 18-03340-jw**

                      )

**Wilbur Koshawn Holmes**       )     **CHAPTER 13**

**Lenora Patrice Holmes**        )

**5130 Thorton Drive**           )

**Summerville, SC 29485**       )

**SSN xxx-xx-7951**             )

**SSN xxx-xx-6993**             )

         **DEBTORS.**     )

                      )

## CERTIFICATE OF SERVICE

      The above-signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**

James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: _7-2-2018_

Legal Assistant to
Robert R. Meredith, Jr., D.C. I.D. #06152
Elizabeth R. Heilig, D.C. I.D. #10704
Meredith Law Firm, LLC
Attorneys for Debtor
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000

Aarons Sales & Lease
7130 Rivers Ave
North Charleston, SC 29418

Aarons Salo Lockbox
PO Box 102746
Atlanta, GA 30368

ABS
PO Box 910
Edenton, NC 27932

ACS Primary Care Physicians SE PC
PO Box 740022
Cincinnati, OH 45274-0022

Alliance One Receivables Management
4850 Street Road
Suite 300
Trevose, PA 19053

Atlas Aquisitions, LLC
294 Union Street
Hackensack, NJ 07601

Badcock Home Furniture & More
PO Box 724
Mulberry, FL 33860

Banfield Pet Hospital
18101 SE 6th Way
Vancouver, WA 98683

Berks Credit & Collections
Po Box 329
Temple, PA 19560

Brock and Scott Law Firm
3800 Fernandian Road Ste 110
Columbia, SC 29210

Cab Collection Agency
5640 Rivers Ave
North Charleston, SC 29406

Caliber Home Loans, Inc
Attn: Cash Operations
Po Box 24330
Oklahoma City, OK 73124

Calvary Portfolio Services
500 Summit Lake Ste 400
Valhalla, NY 10595

Capital One
Po Box 30285
Salt Lake City, UT 84130

Credit Central
908 Bacons Bridge Road Ste 3
Summerville, SC 29485

Credit Central
700 E. North St. Suite 15
Greenville, SC 29601

DirecTv
PO Box 6550
Greenwood Village, CO 80155-6550

Dorchester County Treasurer
PO Box 338
St. George, SC 29477

Dynamic Recovery Solutions
PO Box 25759
Greenville, SC 29616

Enerbank Usa
1245 E Brickyard Rd Ste 600
Salt Lake City, UT 84106

ERC/Enhanced Recovery Corp
8014 Bayberry Rd
Jacksonville, FL 32256

First National Collection Bureau, Inc.
610 Waltham Way
Sparks, NV 89434

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104

IC Systems
PO Box 64378
Saint Paul, MN 55164-0378

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Jefferson Capital Systems
PO Box 7999
Saint Cloud, MN 56302

Labcorp
PO Box 2240
Burlington, NC 27216

LCA
PO Box 2240
Burlington, NC 27216

Luminess Air Airbrush Cosmetics
12802 Capricorn Street
Stafford, TX 77477

LVNV Funding, LLC
PO Box 10497
Greenville, SC 29601

McCabe Trotter & Beverly PC
PO Box 212069
Columbia, SC 29211

Nelnet
PO Box 82561
Lincoln, NE 68501-2561

Nexcheck
PO Box 19688
Birmingham, AL 35219

Northland Group, Inc
7831 Glenroy Road
Suite 350
Minneapolis, MN 55439

Palmetto Primary Care
PO Box 118008
Charleston, SC 29423

Profit Services Group
Po Box 61295
Savannah, GA 31420

Resurgent Capital Services, LLP
PO Box 10587
Greenville, SC 29603

Roper Emergency Physicians
Roper Berkeley
PO Box 601495
Charlotte, NC 28260

Roper St Francis Mt. Pleasant
PO Box 650292
Dallas, TX 75265

Roper St. Francis Physicians
PO Box 650292
Dallas, TX 75265-0292

Santander Consumer USA
Attn Bankruptcy Dept
PO Box 560284
Dallas, TX 75356

SC Department of Revenue
PO Box 12265
Columbia, SC 29211

SC Student Loan Corporation
PO Box 102425
Columbia, SC 29224-2425

Security Check
2612 Jackson Ave W
Oxford, MS 38655

Security Collection
P O Box 910
Edenton, NC 27932

St. Francis Anesthesia
PO Box 603484
Charlotte, NC 28260-3484

Total Card Inc
5109 S Broadband Lane
Sioux Falls, SD 57108

Trident Regional Medical Center
9330 Medical Plaza Drive
Charleston, SC 29406

US Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorneys Office
1441 Main Street
Suite 500
Columbia, SC 29201

US Department of Education
400 Maryland Ave SW
Washington, DC 20202

WhyNotLeaseIt
1750 Elms Street Ste 1200
Manchester, NH 03104

WoodForest National Bank
PO Box 7889
Woodlands, TX 77387

Woodlands at Wescott Homeowners Assoc
c/o Southern Community Services
3301 Salterbeck Street Ste 201
Mount Pleasant, SC 29466